**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

THOMAS F. ORBON, III,

Plaintiff,

vs.

CASE NUMBE: 5:25-cv-00177

DIVISION:

KOS 11838, LLC, WOW SCOOTERS, INC.,
BHNVN INC., MOT DEAD SEA INC.,
ADI RAHATLEY and SHOHAM MENAEM,

Defendants.
_______________________________________/

# COMPLAINT

COMES NOW, Plaintiff, THOMAS F. ORBON, III, by and through undersigned counsel, and hereby files his Complaint against KOS 11838, LLC, ADI RAHATLEY, WOW SCOOTERS, INC., BHNVN Inc., and MOT DEAD SEA INC. and SHOHAM MENAHEM, (collectively referred to as Defendants) under the Fair Labor Standards Act, and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for lost wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. which meet the jurisdictional limits of this Court.

2. Venue is proper in this Court as the Defendants do business within this County. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this complaint occurred in Bay County, Florida.

**PARTIES**

3. Plaintiff, THOMAS F. ORBON, III, ("Plaintiff") is a resident of Florida and was employed by Defendants in Bay County, Florida.
4. Defendant, ADI RHATLEY is a resident of the State of Florida.
5. Defendant, KOS 11838, LLC, is a Florida Limited Liability Company with its principal address at 11838 Front Beach Road, Panama City Beach, FL 32407, and mail address P.O. BOX 20518 Panama City Beach, FL 32417. ADI RHATLEY is the president of this company.
6. Defendant, WOW SCOOTERS, INC, is a Florida Corporation with its principal address at 12616 Front Beach Rd, Panama City Beach, FL 32407. ADI RHATLEY is the president of this company.
7. Defendant, BHNVN Inc., is a Florida corporation with its principal address at 10908 Front Beach Road, Panama City Beach, FL 32407, and mail address P.O. BOX 20518 Panama City Beach, FL 32417. ADI RHATLEY is the president of this company.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

8. Defendant, M.O.T. DEAD SEA INC., is a Florida corporation with its principal address at 10514 Front Beach Road, Panama City Beach, FL 32407, and mail address P.O. BOX 20518 Panama City Beach, FL 32417. ADI RHATLEY is the president of this company.
9. Defendant, SHOHAM MENAHEM, is a resident of Broward County, and is the Registered Agent and officer/president of WOW SCOOTERS, INC.
10. Defendant, ADI RHATLEY transacts business in this district, including Bay County Florida.
11. Defendant, KOS 11838, LLC transacts business in this district, including Bay County Florida.
12. Defendant, BHNVN Inc., transacts business in this district, including Bay County Florida
13. Defendant, M.O.T. DEAD SEA INC., Transacts business in this district, including Bay County Florida.
14. Defendant, WOW SCOOTERS, INC, transacts business in this district, including Bay County Florida
15. Defendant, SHOHAM MENAHEM, transacts business in this district, including Bay County Florida
16. GOLF CART KINGDOM is a Florida Assumed Name filed on August 1, 2022. The company's filing status is listed as Active, and its File Number is G22000090674. The company's principal address is P.O Box 20518, Panama City Beach, FL 32417, and on

record it has 4 owner of the FEI: WOW SCOOTERS INC., KOS 11838 LLC., BHNVN INC., AND MOT DEAD SEA INC.

17. KING OF SCOOTERS is a Florida Assumed Name filed on October 8, 2015. The company's filing status is listed as Active, and its Registration Number is G1500010331. The company's principal address is P.O Box 20518, Panama City Beach, FL 32417, and on record it is owned by M.O.T. DEAD SEA INC.

## FACTUAL ALLEGATIONS

18. During the three years before the date of which this Complaint was filed, Plaintiff was employed by Defendants.

19. The Defendants, WOW SCOOTERS INC., KOS 11838 LLC., BHNVN INC., AND MOT DEAD SEA INC. are Florida Companies engaged in the business of services and experiences related to golf carts in Bay County, Florida.

20. The Defendants, ADI RHATLEY AND SHOHAM MENAHEM, operate or manage these corporations and are each involved with the day-day management of these corporations.

21. The Defendants operate golf cart rental and scooter rental businesses in Panama City Beach, Florida under the names of KING OF SCOOTERS and GOLF CART KINGDOM.

22. At all times material, Defendants ADI RHATLEY AND SHOHAM MENAHEM ran the day-to-day operations of these businesses and/or exercised operational control over these businesses.

23. At all times, Plaintiff worked for the Defendants
24. Plaintiff worked for Defendants as a mechanic from March 1, 2024, until September 7, 2024, and then from March 1, 2025, until his termination on May 1, 2025.
25. The Plaintiff's job duties included performing mechanic work on golf carts and scooters that were owned, sold, and/or rented by the Defendants.
26. For the period from March 1, 2025, until May 1, 2025, Plaintiff was paid a rate of approximately $18.00 per hour.
27. Plaintiff regularly worked approximately 65 hours per week, which includes 25 hours of overtime each week.
28. Plaintiff frequently worked over 40 hours per week, but Defendants failed to pay him overtime wages for the hours worked over 40 per week, calculated at 1.5 times of regular pay, in violation of the Fair Labor Standards Act.
29. In addition, Plaintiff was not paid for all hours worked. Specifically, Plaintiff's final paycheck was due in May 2025, but Defendants failed to pay Plaintiff in full. Defendants withheld Plaintiff's final paycheck, failing to pay him the full amount due for 65 hours that includes both wages and overtime
30. At all times material, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

31. Based on information and belief, at all times material, KOS 11838, LLC was the employer of Plaintiff withing the meaning of FLSA, 29 U.S.C. § 203(d).

32. Based on information and belief, at all times material, WOW SCOOTERS, INC was the employer of Plaintiff withing the meaning of FLSA, 29 U.S.C. § 203(d).

33. Based on information and belief, at all times material, BHNVN INC., was the employer of Plaintiff withing the meaning of FLSA, 29 U.S.C. § 203(d).

34. Based on information and belief, at all times material, M.O.T. DEAD SEA INC. was the employer of Plaintiff withing the meaning of FLSA, 29 U.S.C. § 203(d).

35. Based on information and belief, at all times material, ADI RAHATLEY was the employer of Plaintiff withing the meaning of FLSA, 29 U.S.C. § 203(d).

36. Based on information and belief, at all times material, SHOHAM MENAHEM was the employer of Plaintiff withing the meaning of FLSA, 29 U.S.C. § 203(d).

37. Although the corporate Defendants may be separate legal entities, they are related, interdependent, and operated with the common management such that they are one entity and/or that they are joint employers under the Fair Labor Standards Act.

38. The Defendants operated their golf cart and scooter rental business under the fictitious names of KING OF SCOOTERS and GOLF CART KINGDOM. In fact, sometimes they operated as both names. For example, according to their Facebook page, they have the following banner, which denotes both fictitious names:




39. Moreover, the contact information appears to have the email address of the Defendant, ADI RAHATLET:




40. At all times material herein, Defendants are each an employer and enterprise engaged in interstate commerce and are subject to the FLSA.

41. Defendants, at all times material, have annual revenue of at least five hundred thousand dollars ($500,000.00) and are subject to the FLSA.

42. At all times material, Defendants, employed Plaintiff and at least one additional employee who performed the same, or similar job as Plaintiff.

43. In addition to the above-described activity, Defendants, as part of its business, would engage in interstate commerce by, but not limited to, transacting business with foreign corporation which were part of interstate commerce, purchasing equipment, materials,

parts, and supplies from dealers, wholesalers, suppliers, and retailer outside the state of Florida which were part of interstate commerce; by advertising on the World Wide Web and other mediums to potential clients outside the State of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

44. Also, Defendants obtained, exchanged, and sent/ received funds to and from the State of Florida, use telephone transmission going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via, email, and otherwise outside of the State of Florida.

45. Further, the scooters and golf carts that the Defendants rented and sold were part of interstate commerce as they were street legal vehicles that were used to transport people on public roads and streets as part of interstate commerce.

46. Defendants, at all times material, supervised the operation of the business, including hiring and firing employees, determining compensation policies and procedures, setting work schedules for the employees, and providing work assignments for employees.

47. At all times material, Defendants controlled Plaintiff's day-to-day activities, supervised, and/or had operational control over Plaintiff. Defendants were responsible for hiring Plaintiff, having the ability to terminate Plaintiff, setting Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, setting Plaintiff's work schedules

including the number of days and hours worked, determining, and assigning Plaintiff's work duties, and supervising Plaintiff's.

48. Plaintiff's work was an integral part of Defendants' business and Defendants benefited from his work.

49. Plaintiff worked the number of hours required by Defendants but was not paid for each and every hour worked during a work week.

50. The Defendants expected the Plaintiff to work over 40 hours a week and in fact scheduled him to work over forty (40) hours a week.

51. The Plaintiff was not properly paid overtime for all of the hours that he worked over forty (40) hours in a work week.

52. Defendants failed to properly compensate Plaintiff for all hours worked. Specifically, Plaintiff was not paid for any of the hours worked during his four (4) weeks of employment, nor was he compensated for the overtime hours he performed throughout his employment.

53. Defendants failed to pay Plaintiff overtime premium pay for one (1) or more hours worked in excess of forty (40) hours in a workweek.

54. Defendants owes Plaintiff compensation for unpaid wages and overtime hours.

55. At all times material, Plaintiff was not an independent contractor.

56. At all times material, Plaintiff was not classified as an overtime-exempt employee under the FLSA.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

A. Plaintiff did not manage two or more full-time employees;

B. Plaintiff did not perform duties qualifying for any exemption under the FLSA.

57. Defendants were Plaintiff's joint employers under the FLSA.

58. Defendants, individually and collectively, knew or should have known Plaintiff worked overtime for which he was not compensated.

59. Defendants, individually and collectively, suffered or permitted Plaintiff to work overtime without any compensation beyond his regular pay and without compensation at a rate of at least one and one-half (1 ½) times Plaintiff's regular rate of pay for his overtime hours.

60. Defendants, individually and collectively, supervised, directed and managed Plaintiff's work, including determining the nature and scope of the work, the volume of work, the amount of hours Plaintiff worked, and the deadlines in which Plaintiff's work was to be completed.

61. Defendants were involved in, and responsible for, paying Plaintiff for work performed.

62. The records concerning the hours worked by Plaintiff are in the possession and custody and control of Defendants. Therefore, Plaintiff is unable to determine and state the exact amount of damages due.

63. Although they had a legal obligation to do so under 29 U.S.C. § 211 and 29 C.F.R. Part 516, Defendants did not make, keep or preserve adequate or accurate records of the hours worked, units completed, or tips collected through this system.

64. Plaintiff sent correspondence to Defendants in an effort to resolve this matter prior to filing suit, but Defendants failed to resolve this matter. See Exhibit A.

65. Defendants' failure to properly compensate Plaintiff for all time worked as well for overtime was willful and not in good faith.

66. Defendants are each jointly and severally liable to Plaintiff under the FLSA as an employer.

67. Because of Defendants 'failure/refusal to pay Plaintiff in accordance with the FLSA, Plaintiff has retained the undersigned attorney to prosecute this cause of action for unpaid wages and overtime wages under the FLSA.

68. Plaintiff is owed wages, unpaid overtime and is entitled to liquidated damages equal to his paid wage and his reasonable attorney's fees and costs from Defendants, pursuant to 29 U.S.C. § 216(b).

## COUNT I - FAILURE TO PAY OVERTIME UNDER THE FLSA AGAINST ALL DEFENDANTS

69. Plaintiff re-alleges and incorporates Paragraphs one (1) through sixty-eight (68) as if fully set forth herein.

70. Pursuant to 29 U.S.C. § 207(a)(1) of the FLSA, a qualifying employer must pay its overtime non-exempt employees at a rate of one and one half (1 ½) times his regular rate of pay ("overtime pay") for all hours worked in excess of the forty (40) hours in a work week ("overtime hours").

71. Plaintiff was employed by Defendants during the three (3) year's period prior to this Complaint.

72. At all times material, Defendants were each the Plaintiff's "employer" under the FLSA.

73. Section 207(a)(1) of the FLSA prohibits an employer from employing its non- exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours, he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

74. During one (1) or more workweeks in the three (3) years prior to this Complaint, Defendants suffered and permitted Plaintiff to work overtime hours without paying him overtime pay.

75. The Plaintiff's primary duties were hands-on and technical in nature, involving mechanical maintenance, diagnostics, and repair of the vehicles and related equipment to ensure optimal performance and safety.

76. The Plaintiff is not exempt from over time under the administrative exemption.

77. The Plaintiff is not exempt from overtime under the professional exemption.

78. The Plaintiff is not exempt from overtime under the executive exemption.

79. As such, Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times the regular hourly rate for each hour worked in excess of forty (40) in a workweek.

80. Defendants employed Plaintiff in excess of forty (40) hours in at least one work week without paying Plaintiff at a rate of one and one half (1 ½) times the regular rate of pay for all hours worked in excess of forty (40) in the work week as required by the FLSA and thus has violated Plaintiff's rights under § 207 of the FLSA.
81. As such, Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times the regular hourly rate for each hour worked in excess of forty (40) in a workweek.
82. Defendants knew or should have known Plaintiff was working overtime hours without overtime pay, because Defendants directed him to work overtime hours.
83. Defendants knew or should have known Plaintiff was entitled overtime pay for all overtime hours.
84. Defendants failed and/or refused to properly compensate Plaintiff for overtime and at the proper overtime rate for each of his overtime hours.
85. Defendants knew, or showed reckless disregard for the fact, that its failure to pay Plaintiff as alleged herein was in violation of the FLSA.
86. Defendants' conduct was willful, because they knew, or showed reckless disregard for the fact, that its failure to pay Plaintiff, as alleged herein, was in violation of the FLSA.
87. Defendants' conduct in failing to compensate Plaintiff for his overtime work was not in good faith.

88. Plaintiff tried to resolve this matter prior to filing suit, but the Defendants failed to respond to the correspondence from the Plaintiff's counsel. See Exhibit A.

89. Because of Defendants actions, Plaintiff had to retain counsel and is entitled to recover his reasonable attorney's fees and costs connected with this suit.

90. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation, in amounts to be determined at trial, and is entitled to recovery of such amounts plus an equal amount of liquidated damages and reasonable attorney's fees, costs, and other compensation.

**WEHREFORE,** the Plaintiff, THOMAS F. ORBON, III ("Plaintiff"), prays for the following relief:

A. Declare and find that the Defendants committed one or more of the following acts:
   i. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff,
   ii. Willfully violated overtime provisions of the FLSA, and/or
   iii. Failed to keep accurate time records as required by the FLSA

B. Enter a judgment against Defendants and award Plaintiff Award unpaid wages in an amount to be determined at trial for Defendants' violation of the overtime provisions of the FLSA;

C. Award Plaintiff liquidated damages equal to his unpaid overtime wages;



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

D. Award prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest as provided by law;

E. Award Plaintiff all reasonable attorney's fees and costs incurred in prosecuting this claim; and

F. For such further relief as the Court deems just and equitable.

## COUNT II
## BREACH OF CONTRACT

91. Plaintiff re-alleges and incorporates Paragraphs one (1) through sixty-eight (68) above as if fully set forth herein.

92. Plaintiff and Defendants entered into a valid employment agreement whereby Defendants agreed to pay Plaintiff wages for his services.

93. Plaintiff performed the job duties in a satisfactory manner, and in accordance with the agreement with Defendants, met the requirements to receive his wages.

94. Defendants have failed to pay Plaintiff his wages in accordance with their respective agreement, and up to the date of this Complaint, Plaintiff is still owed for 65 hours for his final paycheck.

95. Defendants' failure to pay Plaintiff his wages in accordance with their respective agreement constitutes a material breach of the agreement.

96. Defendants' material breach of the agreement has and continues to cause harm to Plaintiff in the form of lost wages.

97. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of compensation in amounts to be determined at trial and is entitled to recovery of such amounts, attorney's fees, costs, and other compensation pursuant to Fla. Stat. § 448.08.

**WEHREFORE,** the Plaintiff, THOMAS F. ORBON, III ("Plaintiff"), prays that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendants on the basis of Defendants' violations breached their agreement with Plaintiff by failing to pay Plaintiff his due wages pursuant to his contractual agreement;

B. Award Plaintiff damages in an amount to be determined at trial;

C. Award Plaintiff prejudgment interest, reasonable attorney's fees and costs of suit, pursuant to Fla. Stat. § 448.08;

D. Grant such other and further relief as this Court deems equitable and just.

DATED this 21st day of July 2025.

Respectfully submitted,

/s/ JEREMIAH J. TALBOTT
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 0154784
Law Office of J.J. Talbott

900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Attorney for Plaintiff*

# Exhibit A



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

LAW OFFICES OF

# JEREMIAH J. TALBOTT, P.A.

Jeremiah "JJ" Talbott, Esq.*
JJ@Talbottlawfirm.com

* Admitted to Practice in the States of Florida and Alabama

**900 East Moreno Street**
**Pensacola, Florida 32503**

**(850) 437-9600**
**(850) 437-0906 (Facsimile)**

Personal Injury
Workers' Compensation
Wage and Hour Claims
Social Security Disability
Marital and Family Law
Maritime / Admiralty

June 23, 2025

**VIA U.S. MAIL & ELECTRONIC MAIL:**
King.Backoffice@gmail.com

| | |
|---|---|
| Gulf Cart Kingdom<br>P.O. Box 20518<br>Panama City Beach, FL 32407 | Gulf Cart Kingdom<br>12616 Front Beach Road<br>Panama City, FL 32408 |

Re: Thomas F. Orbon, III

To Whom It May Concern,

Please be advised that I represent Thomas F. Orbon, III, with regard to his claim for unpaid wages against Gulf Cart Kingdom. It is our position that you are my client's employer under Florida law and that you are liable for my client's unpaid wages. As such, this letter is addressed to you and whenever I reference "you", it means Gulf Cart Kingdom who was my client's employer.

It is my understanding that while my client was working for you on 03/01/2024 to 09/07/2024 he was to be paid $25.00 per hour. He then returned to work at your establishment from 03/01/2025 to 05/01/2025 earning $18.00 per hour. To date, my client is still owed for 65 hours for his final paycheck totaling $1,395.00.

In addition to being owed his final paycheck, it is my understanding that my client has not been paid overtime wages as required by the FLSA. If we assume that my client worked an average of 65 hours per week (25 hours of overtime), then he would be entitled to overtime totaling $10,443, plus an equal amount of liquidated damages, for a total of **$20,886.**

Please send a check for **$22,281 ($20,886 plus $1,395)** to my office. If I do not receive communication from you within **15 days** of the date of this letter, I will assume that you have no intent to pay my client, and I will advise my client of his rights including filing suit without further notice. If you dispute these amounts, please send me my client's time records and payrolls records to review.

*Further, please note that if we file suit, we will seek attorney' fees and cost.*

Should you have any thoughts or questions, please feel free to give me a call in the office.

I remain sincerely,

Jeremiah "J.J." Talbott

Jeremiah "J.J." Talbott

Law Office of J.J. Talbott.

JJT/mk
PC: Client

# Florida Minimum Wage
# Estimated Damages Calculator

**Jeremiah J. Talbott, Esq.**
**Law Office of J.J. Talbott, P.A.**
**900 E. Moreno Street**
**Pensacola, FL 32503**
**(850) 437-9600**

**Employee:** THOMAS F. ORBON, III

**Employer:** GULF CART KINGDOM

| Year Worked | From: | To: | Est. Weeks Worked | Est. Hours per Week | Est. OT OWED | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | | | 0.000 | | $0 | | | | |
| 2021 | | | 0.000 | | $0 | | | | |
| 2022 | | | 0.000 | | $0 | | | | |
| 2023 | | | 0.000 | | $0 | | | | |
| 2024 | 3/1/2024 | 9/7/2024 | 27.143 | 65 | $8,482 | | | | |
| 2025 | 3/1/2025 | 5/1/2025 | 8.714 | 65 | $1,961 | | | | |

$10,443

| | | | | | |
|---|---|---|---|---|---|
| 2016 | 8.05 | **Fla Min Wag** | $0 | Overtime Owe | $10,443 |
| 2017 | 8.10 | | | Liquidated Da | $10,443 |
| 2018 | 8.25 | | | **Total OT Due (est.)** | **$20,886** |
| 2019 | 8.46 | | | | |
| 2020 | 8.56 | | | | |
| 2021 | 8.65 | | | | |
| 2021/2022 | $10.00 | | | | |
| 2022/2023 | $11.00 | | | | |
| 2023/2024 | $12.00 | | | | |
| 2024/2025 | $13.00 | | | | |

State Constitution if good faith efforts to resolve the claim to the satisfaction of the Employee within 15 days are not successful.

Notice:

Notice: The undersigned attorneys intend to file suit under the Florida Minimum Wage Act and/or s. 24, Art. X of the

* TOOK OFF 4 MONTHS FOR COVID

Florida Minimum Wage = FMW
Overtime = OT

LAW OFFICES OF

# JEREMIAH J. TALBOTT, P.A.

Jeremiah "JJ" Talbott, Esq.*
JJ@Talbottlawfirm.com

* Admitted to Practice in the States of Florida and Alabama

**900 East Moreno Street**
**Pensacola, Florida 32503**

**(850) 437-9600**
**(850) 437-0906 (Facsimile)**

Personal Injury
Workers' Compensation
Wage and Hour Claims
Social Security Disability
Marital and Family Law
Maritime / Admiralty

June 23, 2025

**VIA U.S. MAIL & CERTIFIED MAIL:**

| 9589 0710 5270 0583 9875 73 | 9589 0710 5270 0583 9875 66 |
|---|---|
| Korin, LLC<br>P.O. Box 20518<br>Panama City Beach, FL 32417 | Adi H. Rahatlev, individually and as Registered Agent for: Korin, LLC<br>12616 Front Beach Road<br>Panama City Beach, FL 32407 |

Re: Thomas F. Orbon, III

Dear Adi:

Please be advised that I represent Thomas F. Orbon, III, with regard to his claim for unpaid wages against Gulf Cart Kingdom and Adi H. Rahatlev. It is our position that you are my client's employer under Florida law and that you are liable for my client's unpaid wages. As such, this letter is addressed to you and whenever I reference "you", it means Gulf Cart Kingdom and Adi H. Rahatlev who was my client's employers.

It is my understanding that while my client was working for you on 03/01/2024 to 09/07/2024 he was to be paid $25.00 per hour. He then returned to work at your establishment from 03/01/2025 to 05/01/2025 earning $18.00 per hour. To date, my client is still owed for 65 hours for his final paycheck totaling $1,395.00.

In addition to being owed his final paycheck, it is my understanding that my client has not been paid overtime wages as required by the FLSA. If we assume that my client worked an average of 65 hours per week (25 hours of overtime), then he would be entitled to overtime totaling $10,443, plus an equal amount of liquidated damages, for a total of **$20,886.**

Please send a check for **$22,281 ($20,886 plus $1,395)** to my office. If I do not receive communication from you within **15 days** of the date of this letter, I will assume that you have no intent to pay my client, and I will advise my client of his rights including filing suit without further notice. If you dispute these amounts, please send me my client's time records and payrolls records to review.

*Further, please note that if we file suit, we will seek attorney' fees and cost.*

Should you have any thoughts or questions, please feel free to give me a call in the office.

I remain sincerely,

*Jeremiah "J.J." Talbott*

Jeremiah "J.J." Talbott

Law Office of J.J. Talbott.

JJT/mk
PC: Client

# Florida Minimum Wage
# Estimated Damages Calculator

**Jeremiah J. Talbott, Esq.**
**Law Office of J.J. Talbott, P.A.**
**900 E. Moreno Street**
**Pensacola, FL 32503**
**(850) 437-9600**

**Employee:** THOMAS F. ORBON, III

**Employer:** GULF CART KINGDOM

| Year Worked | From: | To: | Est. Weeks Worked | Est. Hours per Week | Est. OT OWED | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | | | 0.000 | | $0 | | | | |
| 2021 | | | 0.000 | | $0 | | | | |
| 2022 | | | 0.000 | | $0 | | | | |
| 2023 | | | 0.000 | | $0 | | | | |
| 2024 | 3/1/2024 | 9/7/2024 | 27.143 | 65 | $8,482 | | | | |
| 2025 | 3/1/2025 | 5/1/2025 | 8.714 | 65 | $1,961 | | | | |

$10,443

| | |
|---|---|
| 2016 | 8.05 |
| 2017 | 8.10 |
| 2018 | 8.25 |
| 2019 | 8.46 |
| 2020 | 8.56 |
| 2021 | 8.65 |
| 2021/2022 | $10.00 |
| 2022/2023 | $11.00 |
| 2023/2024 | $12.00 |
| 2024/2025 | $13.00 |

| | | | |
|---|---|---|---|
| **Fla Min Wa** | $0 | Overtime Owe | $10,443 |
| | | Liquidated Da | $10,443 |
| | | **Total OT Due (est.)** | **$20,886** |

State Constitution if good faith efforts to resolve the claim to the satisfaction of the Employee within 15 days are not successful.

Notice:

Notice: The undersigned attorneys intend to file suit under the Florida Minimum Wage Act and/or s. 24, Art. X of the

* TOOK OFF 4 MONTHS FOR COVID

Florida Minimum Wage = FMW
Overtime = OT